UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES C. SILCOX,

    Petitioner,

    v.      CAUSE NO. 3:22-CV-929-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

James C. Silcox, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-22-8-61) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of violating temporary leave in violation of Indiana Department of Correction Offense 120. Following a hearing, he was sanctioned with a demotion in credit class.

Silcox argues that he is entitled to habeas relief because the administrative record did not support the allegations in the conduct report. Specifically, he maintains that no concert occurred at the Four Winds Field on July 17, 2022, the date referenced in the body of the conduct report. The Warden responds that the reference to "July 17" was a typographical error and that the date of incident was marked at another location in the conduct report as July 14, 2022. Because Silcox does not dispute that the administrative record contained sufficient evidence with respect to the July 14 date, the court construes this argument as an argument that the conduct report provided inadequate notice of the charges. To satisfy procedural due process, "written notice of the charges must be given

to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003).

The conduct report indicated that an investigator had discovered that Silcox "had made plans to meet a female during a concert at the Four Winds Field on July 17, 2022," and that review of Silcox's electronic messages and calls confirmed that the meeting had occurred. ECF 9-1. The conduct report indicated that Silcox did not have permission for this meeting. *Id.* The conduct report further indicated that Silcox had been denied authorization for the woman as a visitor or a caller but that the woman used a false name to exchange messages with Silcox and had assisted Silcox in transferring funds to another inmate's trust account. *Id.* A separate section of the conduct report indicated that the date of the incident was "07/14/22" and that Silcox had been charged with violating conditions of temporary leave under Offense 120. *Id.* Silcox also signed the screening report, which indicated that the offense date was "7/14/22." ECF 9-3.

The conduct report contains some ambiguity as to whether the charged misconduct occurred on July 14 or July 17, but it did not prevent Silcox from preparing a defense. The administrative record reflects that Silcox acknowledged attending a

concert while on temporary leave[1] at the hearing on August 23, at screening on August 10, and in a recorded telephone call on July 15. ECF 9-3; ECF 9-6; ECF 11. The recorded telephone call suggests that the concert occurred on July 14, which is confirmed by the ticket stub filed by Silcox as an exhibit. ECF 8. And, based on his statements at the hearing and his evidentiary requests, Silcox knew that a concert had not occurred on July 17, which left the July 14 concert as the only plausible subject of the conduct report. Consequently, Silcox had the information necessary to recognize the reference to July 17 as a typographical error. Therefore, the argument that Silcox lacked adequate notice is not a basis for habeas relief.

Silcox argues that he is entitled to habeas relief because he was not allowed to present evidence at the hearing. Specifically, he contends that the logbook would have shown that he never left the South Bend Community Reentry Center on July 17, 2022, and that the Four Winds Field concert schedule would have shown that no concert occurred on July 17, 2022. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* As detailed above, the conduct report charged Silcox with violating conditions of temporary leave on July

---

[1] The record reflects that Silcox was on temporary leave for only a short time from July 1, 2022, to about August 5, 2022. ECF 1-1 at 5-6; ECF 11.

3

14, 2022. Consequently, the denial of evidence pertaining to July 17, 2022, amounted to harmless error. Therefore, the denial of evidence is not a basis for habeas relief.

Finally, Silcox argues that he is entitled to habeas relief because staff from Westville Correctional Facility administered his disciplinary proceedings instead of staff from the South Bend Community Reentry Center. The administration of disciplinary proceedings by staff from a particular correctional facility is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Therefore, this claim is not a basis for habeas relief.

If Silcox wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES James C. Silcox leave to appeal in forma pauperis.

SO ORDERED on April 6, 2023

                s/ Michael G. Gotsch, Sr.

                                                          _____
Michael G. Gotsch, Sr.
United States Magistrate Judge